**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 06-cr-30142-MJR** |
| | ) | |
| **RONNIE LAUDERDALE, *et al.,*** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM & ORDER</u>**

**REAGAN, District Judge:**

On March 30, 2007, this Court held a hearing on defendant Ronnie Lauderdale's motion to dismiss indictment (Doc. 55). At that hearing, the Court allowed Defendant and the Government to present oral argument on the issue of whether Lauderdale's statutory right to a speedy trial had been violated. The Court found that those rights had been violated and issued an Order dismissing the indictment against Defendant and ordering Defendant's immediate release from custody (*see* Doc. 69). At that time, this Court informed the parties that it would take under advisement the issue of whether the dismissal shall be with or without prejudice, and permitted Defendant to file a reply to the Government's response to his motion to dismiss (*see* Doc. 67). Defendant has done so (*see* Doc. 70).

Having considered the oral arguments presented by the parties at the March 30, 2007 hearing and having carefully reviewed the written record of this matter including the parties' briefs, the Court now **ORDERS** that the dismissal of the indictment shall be ***without prejudice,*** for the reasons set forth below.

**18 U.S.C. § 3161** grants a criminal defendant a statutory right to a speedy trial. In particular, section **3161(c)(1)** mandates that "the trial of a defendant charged with the commission of an

1

offense shall commence within 70 days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date occurs last." **18 U.S.C. § 3161(c)(1).**

When a violation of **18 U.S.C. § 3161(c)** is found to have occurred (as was the case in the present matter) **18 U.S.C. § 3162(a)(2)** mandates that the cause of action be dismissed upon motion of the defendant. As mentioned, this Court has done so (*see* Doc. 69) and now turns to the question of whether the dismissal shall be with or without prejudice.

Section **3162(a)(2)** governs the considerations to be weighed in determining whether a case should be dismissed with or without prejudice when a violation of **§ 3161(c)** has occurred:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

**18 U.S.C. § 3162(a)(2).**

The Supreme Court has noted that "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation." ***United States v. Taylor,* 487 U.S. 326, 334 (1988).** "The decision to dismiss with or without prejudice [has been] left to the guided discretion of the district court, and ... neither remedy [has been] given priority." ***Id.* at 335.** Nonetheless, district courts have been "specifically and clearly instructed" to consider the factors set forth in **18 U.S.C. § 3162(a).** ***Id.* at 336.** Accordingly, the Court now considers each of those factors in making its determination.

### *Seriousness of the Offense*

The offense Defendant is charged with in this matter, violation of the Controlled

Substances Import and Export Act, is serious and Defendant concedes as much (*see* Doc. 55, p. 3). Defendant himself approximates that he would be facing a sentence "between 15 and 60 years" if convicted of the charged offense. *Id.*  In fact, the violation that Defendant is charged with is punishable by a term of imprisonment of not less than ten years and not more than his natural life. ***See* 21 U.S.C. § 841(b)(1)(A).**

Further, the Seventh Circuit has indicated that the possession of large amounts of cocaine is a serious offense within the context of **§ 3162(a)(2). *See United States v. Arango,* 879 F.2d 1501, 1508 (7ᵗʰ Cir. 1989)(delay of three months not *per se* substantial enough to justify dismissing charges with prejudice); *see also, United States v. Regilio,* 669 F.2d 1169 (7ᵗʰ Cir. 1982)(noting strong public interest in prosecuting drug dealers).**  This being the case, it is notable that Defendant's alleged conduct in the present matter is substantially more egregious than mere possession.  Here, the Government alleges that Defendant made a post-arrest statement admitting not only that he *possessed* a substantial amount of cocaine – twenty kilograms – but that he in fact *delivered* those twenty kilograms of cocaine to one of his co-defendants the day before his arrest (*see* Doc. 1, ¶ 19; Doc. 67, Ex. A).  In addition, Defendant admitted that he also had made two previous deliveries – ten kilograms of cocaine each – to the same co-defendant. *Id.*

In light of these allegations, it is clear that the conduct Defendant is charged with goes well beyond "serious." Defendant did not merely possess a substantial amount of cocaine; Defendant appears to have been directly responsible for supplying the drug trade in this region with at least thirty-two kilograms – over half a million dollars worth – of cocaine. *Id.*  Accordingly, the Court finds that the seriousness of the offense weighs heavily in favor of dismissal *without* prejudice.

3

*Facts and Circumstances Underlying Dismissal*

As mentioned in this Court's previous Order (*see* Doc.69), on October 19, 2006, the Government filed an indictment against Defendant (*see* Doc. 27).  The violation of Defendant's Speedy Trial rights occurred because an arraignment on the indictment was not thereafter held until January 9, 2007 (*see* Doc. 37), a total of 82 days after the filing of the indictment, in violation of the 70-day limitation contained in **18 U.S.C. § 3161(c).**

Defendant argues that he "did no act which occasioned any delay" resulting in the speedy trial violation (*see* Doc. 55, p. 3).  The Court agrees.  The delay in this matter resulted from the fact that Defendant's arraignment was not timely scheduled; Defendant had no control over this factor.

The Government, on its part, argues that it has not intentionally sought any delay in this matter and places blame, in part, upon the Court for failing to automatically set a trial date after the Government filed its indictment – such failure purportedly being a violation of **18 U.S.C. § 3161(a),** and for purportedly failing to respond to the Government's telephonic message left with the Court requesting an arraignment.

Section **3161(a)** provides, in relevant part: "the appropriate judicial officer, at the earliest practicable time, shall, after consultation with [counsel for both parties] set [the case for trial] ..." **18 U.S.C. § 3161(a).**  In its brief, after quoting this language, the Government states: "since no trial date was ever set in this case, **18 U.S.C. § 3161(a)** has been violated" (Doc. 67, p. 5). Implicit in the Government's argument on this point is the assumption that *the Court* was responsible for a violation of **§ 3161(a)** (if such a violation indeed occurred) for failing to set this matter for trial upon the filing of the indictment.  The Court rejects that assumption.

4

Section **3161(a)** states that "the appropriate judicial officer" shall set a matter for trial, at the "earliest practicable time *... after consultation with the counsel for the defendant and the attorney for the Government*."  According to the specific language of the statute, therefore, it seems clear that the Court's responsibility to set a matter for trial *follows* consultation with the parties. The statute is unclear, however, as to when such "consultation" must occur and as to who bears the responsibility of initiating such "consultation."

The Government's understanding of the "after consultation" phrase apparently is that *the Court* bears the responsibility, immediately after an indictment is filed, to somehow track down and contact the Government attorney on the matter, as well as each attorney for each Defendant and then, "after consultation" with them, set the matter for trial.  The Court disagrees with that interpretation.

The language of the Speedy Trial Act itself, the history of the Act, as well as principles of efficiency and common sense all indicate that, in the present context, the time for "consultation" to occur and after which a trial shall be set at "the earliest practicable time," is not the filing of an indictment, but rather the arraignment of a Defendant.

In this matter, the Court followed its usual practice; it did not automatically set this matter for trial upon the filing of the indictment, but rather waited to do so until after the Defendant's arraignment. This is the regular and continuous practice of this Court for several reasons, not the least of which the Government itself has pointed out – the history of the Speedy Trial Act contemplates the *Government* bearing the responsibility to inform the Court when a criminal matter is ready to be set for trial; a Court should not be required to automatically set a matter for trial upon the filing of an indictment:

5

> [a]t [arraignment], the defendant is required to plead to the charge contained in an information or indictment ... *it would be a waste of judicial resources* to require the courts to schedule trials at the time of the filing of an indictment, due to the possibility that the defendant may choose to plead either guilty or nolo contendere, thus making trial unnecessary.

**H.R. Rep. 93-1508, 1974 U.S.C.C.A.N. 7401, 7422 (1974);** *see also United States v. Nixon,* **779 F.2d 126, 130 (2ⁿᵈ Cir. 1985)(referencing the same).**

In making these observations, this Court is *not* offering its own interpretation of **§ 3161(a),** nor is it in any way determining whether a violation of **§ 3161(a)** did or did not occur in this matter.  As the Court noted in its previous Order (Doc. 69), neither party disputes that a violation of **§ 3161(c)** occurred.  *Id.*  That fact alone was enough to warrant dismissal, and it is therefore relatively irrelevant whether a violation of **§ 3161(a)** also occurred.  The Court merely is pointing out that if **§ 3161(a)** *was* violated, it likely was not the result of the Court failing to set this matter for trial automatically upon the filing of the indictment, as the Government seems to assert.

Moreover, the Court further rejects the Government's argument that this Court should share the blame for the violation of **§ 3161(c)**. Regarding that violation, counsel for the Government asserts that he made a phone call to, and left a voice message with, the chambers of Magistrate Judge Donald G. Wilkerson sometime "during December, 2006," requesting that an arraignment be set in this matter (*see* Doc. 67, p. 3). For the reasons set forth below, such a phone call would not have shifted the blame for the violation of **§ 3161(c)** from the Government to the Court.

For the past twelve years, this Court has adhered to the provisions of a document the Government itself has cited in its brief on this issue, the "District Court Plan for the Disposition of Criminal Cases in the Southern District of Illinois" ("Plan").[1]  In Section II, ¶ 6(e)(4) of the Plan,

---

[1]        The Plan was adopted by this Court in Administrative Order Number 97 of February 1, 1995.

entitled "Post-Indictment Procedures," the Plan states: "in an effort to ensure proper measurement of the 70 day time limit within which trial must commence ... the *United States Attorney* shall notify the Court *in writing* on the date, by his or her calculation, that there are 25 days remaining within which to commence trial" (emphasis added).

This rule reflects the long-held sentiment that the ultimate responsibility to ensure the prosecution of individuals is done legally and in a way that does not violate their rights should rest on the shoulders of those doing the prosecuting.  Indeed, if the Court were to step in and alert the Government whenever it was on the brink of a Speedy Trial Act violation, there would be little purpose for prescribing sanctions in the Act itself.  Most important, if this Court were to aid the prosecution in such a manner, it would be injecting itself into the matter and compromising its neutrality.

As the Government points out, the 70-day Speedy Trial Clock in this matter ran on December 28, 2006.  This being the case, the Government should have informed this Court on December 3, 2006, *in writing,* that an arraignment had not been scheduled and no trial had been set. By failing to do so, the Government violated the safeguard provisions of §  II (6)(e)(4) of the Plan, regardless of whether the Government left a telephonic message with Judge Wilkerson's chambers sometime "during December, 2006" (*see* Doc. 67, p. 3).

For all these reasons, the Court rejects the Government's argument that this Court is responsible for the violation of **§ 3161(c)** that occurred in this matter.  The Government bears the ultimate responsibility of ensuring that an individual it indicts receives a speedy trial.  The Government is not excused from this responsibility simply by leaving a telephonic message with the Court on the eve of the Speedy Trial clock expiration.  In addition to being ineffective to shift the

blame to the Court, as counsel for Defendant argued at the hearing on this matter, such a phone-call was quite possibly the absolute least effective means of ensuring Defendant's Speedy Trial rights were not violated.

The Court is aware that counsel for the Government in this matter recently committed the same error regarding a defendant's Speedy Trial rights as to each defendant in this matter, as well as to a defendant in a wholly separate case, *United States v. Killingsworth,* 06-CR-30140-GPM. Nonetheless, the Court finds that each of those violations occurred within nearly the exact same time frame and are not necessarily indicative of any pattern of neglect by the Government.  Further, having fully considered the entire record of this matter and the events leading up to this dismissal, the Court is satisfied that the Government, while neglectful, has not acted willfully or in bad faith in allowing Defendant's Speedy Trial rights to be violated.

In addition, it is relevant (although not dispositive) that Defendant himself has continued this matter (*see* Doc. 41) and did not bring this issue to this Court's attention until the eve of trial. ***See Barker v. Wingo,* 407 U.S. 514, 531 (1972)(where a defendant does not assert his right to a speedy trial until the time permitted under the Speedy Trial Act had already expired, "it makes it difficult for [the] defendant to assert that he was denied a speedy trial."); *see also, United States v. Deleon,* 710 F.2d 1218 (7th Cir. 1983)(assertion of right to speedy trial after delay does not weight heavily, if at all, in defendant's favor).**  In light of all the above facts, the Court **FINDS** that, on balance, the circumstances leading to dismissal weigh neither in favor of dismissal with prejudice nor in favor of dismissal without prejudice.

***The Impact of a Reprosecution on the Administration of the Speedy Trial Act and On the Administration of Justice***

Turning finally to the impact of a reprosecution of this matter on the administration of the Speedy Trial Act and on the administration of justice, the Court notes that dismissal without prejudice is "not a completely negligible sanction, viewed from a deterrent standpoint, since the grand jury may refuse to reindict and since even if it does the defendant may be acquitted." ***United States v. Janik,*** **723 F.2d 537, 543 (7th Cir. 1983).**  Indeed, a dismissal without prejudice "forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations ground." ***Taylor,*** **487 U.S. at 342.**  As such, dismissal without prejudice can hardly be considered a "toothless sanction." ***Id.***

In addition, as this Court has already noted, Defendant has been charged with very serious conduct – not merely possessing a *substantial* amount of cocaine, but having personally fueled the drug trade in this region by *distributing* over half-a-million dollars worth of cocaine. Moreover, the record indicates that Defendant has several prior convictions for drug-related offenses (*see* Doc. 66).  In light of these facts, a dismissal of this matter with prejudice clearly would not serve the public interest of protecting our society from drug crime.

While the Court finds that a dismissal of this matter with prejudice would certainly be a much stronger sanction against the Government for having violated Defendant's Speedy Trial rights, the danger to the public of setting free someone who is allegedly a major player in the cocaine trade in this region militates *strongly* against such a course of action.  On balance then, the Court **FINDS** that this factor weighs in favor of dismissal *without prejudice.*

### III.   Conclusion

Having carefully weighed each factor this Court is required to consider under **§ 3162(a)(2),** the Court finds that the "seriousness of the offense" and the "impact of a reprosecution" weigh *heavily* in favor of dismissal without prejudice, whereas the "circumstances leading up the dismissal," weigh neither for nor against dismissal without prejudice.  Accordingly,  for the reasons stated on the record of the March 2007 hearing, as well as those stated herein, the Court **ORDERS** that the dismissal ordered on March 30, 2007 (*see* Doc. 69) is ***without prejudice.***

**IT IS SO ORDERED.**

**DATED this 11th day of April, 2007.**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

10